IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60031
_____


LAMAR ISHEE and ANGELA N. ISHEE,
individually and on behalf of
CAITLIN S. ISHEE, a minor,

                                        Plaintiffs-Appellees,

                        versus

McDONNELL DOUGLAS CORPORATION, ET AL.,

                                        Defendants,

McDONNELL DOUGLAS CORPORATION,

                                        Defendant-Appellee,

                        and

GRUMMAN AIRCRAFT COMPANY, ET AL.,

                                        Defendants,

                        versus

GRUMMAN TECHNICAL SERVICES, INC., ET AL.,

                                        Defendants-Appellants.
************************************************************************

ANGELA N. ISHEE, Individually and on
behalf of Caitlin S. Ishee, a Minor and
as Administratrix of the Estate of
Lamar Ishee,

                                        Plaintiff-Appellee,

                        versus

McDONNELL DOUGLAS CORPORATION, ET AL.,

                                        Defendants,

McDONNELL DOUGLAS CORPORATION,

                                                Defendant-Appellee,

                              and

GRUMMAN AIRCRAFT COMPANY, ET AL.,

                              versus

JERRY KEUCHMAN, ET AL.,

                                                Defendants-Appellants.
_____

        Appeal from the United States District Court for the
                 Southern District of Mississippi
                       (3:93-CV-474-BrN)
_____

                         April 12, 1996
Before REYNALDO G. GARZA, JOLLY, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

     In an earlier unpublished opinion, we remanded this case to
the district court for further proceedings on the narrow question
whether McDonnell Douglas properly removed the case based on the
Federal Officer Removal Statute, 28 U.S.C. § 1442 (the "FORS").
The district court, in an unpublished opinion dated March 27, 1996,
determined that McDonnell Douglas was not entitled to remove this
case under the FORS.  It thus held that it did not have subject

---

     [*]Pursuant to Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in Local Rule 47.5.4.

matter jurisdiction over the case[1] and remanded it to state court pursuant to 28 U.S.C. § 1447(c).

Because the district court remanded the case to state court under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction, we do not have appellate jurisdiction to review this order. <u>Hook v. Morrison Milling Co.</u>, 38 F.3d 776, 780 (5th Cir. 1994). The appeal is therefore

D I S M I S S E D.

---

[1]The district court also relied on its earlier opinion and order dated December 15, 1994, in which it determined that no other party had properly removed the case to federal court.